O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PARISA MOGHADDAM, | ) | Case No. SACV 14-00505 DDP (DFMx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING DEFENDANT WELLS** |
| | ) | **FARGO'S MOTION TO DISMISS** |
| LIBERTY LIFE ASSURANCE | ) | |
| COMPANY OF BOSTON, a New | ) | |
| Hampshire corporation, | ) | |
| | ) | |
| Defendant. | ) | [Dkt. 35] |
| _____ | ) | |

Presently before the court is Defendant Wells Fargo & Company Short Term Disability Plan ("Wells Fargo")'s Motion to Dismiss. Having considered the submissions of the parties, the court denies the motion and adopts the following Order.

**I.   Background**

Plaintiff Parisa Moghaddam began working as a Wells Fargo Personal Banker in May 2008. (FAC ¶ 7.) Plaintiff was a participant in both the short-term disability plan ("STD" plan) and the long-term disability plan ("LTD" plan). (Id. ¶¶ 10, 12.)  Wells Fargo self-insures the STD plan and Defendant Liberty Life Assurance

///

Company of Boston ("Liberty Mutual") administers STD claims on
Wells Fargo's behalf.  (Id. ¶¶ 4, 5).

A plan participant qualifies for benefits under Wells Fargo's
STD plan if she has a medically certified health condition that
lasts longer than seven consecutive calendar days, beginning on the
initial date that the medically certified health condition is
documented ("STD waiting period"). (FAC ¶ 9; Ex. A.) The disabling
condition must prevent an employee from performing the essential
duties of his or her job. Id.  The STD plan defines a medically
certified health condition as a disabling injury or illness that is
documented by clinical evidence provided by an approved care
provider. (FAC ¶ 9.)

In March 2012, Plaintiff's physician diagnosed her with, among
other things, fatigue, insomnia, anxiety, and depression. (FAC ¶
15.)  On March 6, 2012, Plaintiff stopped working due to various
disabling conditions. (FAC ¶¶ 7, 15, 18.) Defendant terminated
Plaintiff on March 16, 2012. (Decl. of Terri Morris, ¶ 3.)[1]

Under the STD Plan, a claimant has 90 days to submit a claim
for STD benefits, starting on the first day that the claimant's
certified health condition is documented. (FAC ¶¶ 23-27.)  In
January 2013, well after having been diagnosed in March 2012,
Plaintiff submitted an STD benefits claim to Liberty Mutual for a
period between March 2012 and September 2012. (FAC ¶ 8.) Plaintiff
claimed to be totally disabled and unable to perform the essential
functions of her job. (FAC ¶ 12.) Liberty Mutual denied Plaintiff's

---

[1] While Plaintiff acknowledges that she was terminated, there
appears to be some dispute as to the reason for the termination and
the effect of the termination on Plaintiff's eligibility under the
STD plan.

claim for STD benefits because her claim was submitted 315 days after the 90 day deadline.  Id.

Plaintiff appealed her denial for STD benefits. (FAC ¶ 27.) Liberty Mutual denied her appeal because it did not find evidence that her claim was reasonably delayed.  (FAC ¶ 27; Ex. A, § 10-7.) Plaintiff appealed a second time, this time directly to Wells Fargo, which subsequently upheld Liberty Mutual's decision. (FAC ¶¶ 28-29.)  Wells Fargo informed Plaintiff of its decision in a letter dated November 22, 2013.  (Id. ¶ 29.)  The letter further stated that no additional appeals were available, and that under the STD plan, any legal action would have to be brought within one year from the date of the letter. (Morris Decl., Ex. B.)

In April 2014, Plaintiff filed the instant suit against Defendant Liberty Mutual to recover benefits under the STD and LTD Plans pursuant to § 502(a) of the Employee Retirement Income Security Act ("ERISA"). (Pl's Compl. ¶¶ 1, 4.)  On February 2, 2015, Plaintiff filed her First Amended Complaint, adding Wells Fargo as a defendant.  Wells Fargo now moves to dismiss.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer

1  "more than an unadorned, the-defendant-unlawfully-harmed-me

2  accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or

3  allegations that are no more than a statement of a legal conclusion

4  "are not entitled to the assumption of truth." Id. at 679.  In

5  other words, a pleading that merely offers "labels and

6  conclusions," a "formulaic recitation of the elements," or "naked

7  assertions" will not be sufficient to state a claim upon which

8  relief can be granted.  Id. at 678 (citations and internal

9  quotation marks omitted).

10     "When there are well-pleaded factual allegations, a court should

11  assume their veracity and then determine whether they plausibly

12  give rise to an entitlement of relief." Id. at 679.  Plaintiffs

13  must allege "plausible grounds to infer" that their claims rise

14  "above the speculative level." Twombly, 550 U.S. at 555.

15  "Determining whether a complaint states a plausible claim for

16  relief" is a "context-specific task that requires the reviewing

17  court to draw on its judicial experience and common sense."  Iqbal,

18  556 U.S. at 679.

19  **III. Discussion**

20     Wells Fargo argues that the FAC must be dismissed because its

21  allegations acknowledge that Plaintiff did not name Wells Fargo as

22  a defendant in this case until February 2, 2015.  Wells Fargo's

23  November 22, 2013 denial of Plaintiff's second appeal notified

24  Plaintiff that any legal action would have to be brought within one

25  year.  Plaintiff filed the instant action in April 2014, well

26  within the one year period, but her initial Complaint did not name

27  Wells Fargo as a Defendant.  Although the parties discussed a

28  stipulation to the filing of a First Amended Complaint naming of

4

1  Wells Fargo as a Defendant in October 2014, Plaintiff did not file
2  the FAC until February 2015, outside the one-year period.

3      As an initial matter, Wells Fargo did not comply with Central
4  District of California Local Rule 7-3, which requires that parties
5  meet and confer before a motion to dismiss. See C.D. Cal. L.R. 7-3.
6  ("In all cases . . . counsel contemplating the filing of any
7  motion, shall first contact opposing counsel to discuss thoroughly
8  . . . the substance of the contemplated motion and any potential
9  resolution."). Wells Fargo asserts that it made no attempt to
10  comply with the local rules "because such an attempt would have
11  been futile." (Reply at 1.) The court notes that adherence to the
12  local rules is not optional, and that Wells Fargo's failure is
13  reason enough to deny the instant motion.

14      In any event, the court is not persuaded by the substance of
15  Wells Fargo's argument. There appears to be no dispute as to the
16  validity of the one-year limitations period delineated in Wells
17  Fargo's November 22 denial of Plaintiff's appeal. See Heimeshoff
18  v. Hartford Life Accident Ins. Co., 134 S. Ct. 604, 612 (2013)
19  ("The principle that contractual limitations provisions ordinarily
20  should be enforced as written is especially appropriate when
21  enforcing an ERISA plan."). Plaintiff contends, however, that the
22  naming of Wells Fargo in the FAC relates back to the filing of the
23  original Complaint in April 2014. (Opposition at 11.) Under
24  Federal Rule of Civil Procedure 15(c), an amendment relates back
25  when:

26      (A) the law that provides the applicable statute of
        limitations allows relation back;
27
        (B) the amendment asserts a claim or defense that arose
28      out of the conduct, transaction, or occurrence set

1    out--or attempted to be set out--in the original
     pleading; or
2
     (C) the amendment changes the party or the naming of the
3    party against whom a claim is asserted, if Rule
     15(c)(1)(B) is satisfied and if, within the period
4    provided by Rule 4(m) for serving the summons and
     complaint, the party to be brought in by amendment:
5
          (i) received such notice of the action that it will
6         not be prejudiced in defending on the merits; and

7         (ii) knew or should have known that the action would
          have been brought against it, but for a mistake
8         concerning the proper party's identity.

9    Fed. R. Civ. P. 15(C)(1).

10        Here, Plaintiff argues that all three prongs of the relation

11   back test inquiry are satisfied.  At the very least, it appears to

12   the court that Rule 15(C)(1)(B) is clearly applicable, as the

13   amendment involves the exact same facts and claims as the original

14   Complaint, and only appears to have been necessary because

15   Plaintiff was not initially aware that the STD was self-funded by

16   Wells Fargo.[2] [3]  Perhaps for that reason, Wells Fargo's reply makes

17   no mention of Plaintiff's relation back argument.  Instead, Wells

18   Fargo reasserts that the one-year limitations period is valid and

19   enforceable.  (Reply at 3-6.)  As discussed above, however,

20   Plaintiff appears to concede as much.  Because Plaintiff's FAC

21   relates back to the filing date of the original Complaint, which

22

23   _____

24        [2] The LTD plan, in contrast, is not self-funded.

25        [3] Although Wells Fargo does suggest that Plaintiff should have
     filed her First Amended Complaint sooner, within the one year
26   deadline, it provides no authority suggesting that that fact is
     relevant to the relation back analysis, of which Wells Fargo makes
27   no mention.  While the timing of the amendment might have been an
     issue had Plaintiff sought the court's leave to amend, that
28   situation did not arise here.  See, e.g., Learjet, Inc. v. Oneok,
     Inc., 715 F.3d 716 (9th Cir. 2013).

was filed within the one-year limitation Wells Fargo seeks to enforce, Plaintiff's STD claim against Wells Fargo is not untimely.

**IV.  Conclusion**

For the reasons stated above, Wells Fargo's Motion to Dismiss is DENIED.[4]

IT IS SO ORDERED.

Dated: September 17, 2015

DEAN D. PREGERSON
United States District Judge

---

[4] In the alternative, Wells Fargo asks that the court grant summary judgment on all claims for benefits after the date of Plaintiff's termination.  Given that this case is in its early stages, that the parties have not yet made their initial disclosures, apparent disagreements as to whether the Morris Declaration actually includes the full terms of the STD plan, and Plaintiff's suggestion that she may be entitled to post-termination STD benefits, the court declines to rule on Plaintiff's post-termination claims at this juncture.  See Fed. R. Civ. P. 56(d).